UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN M. WALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00174-JPH-MJD |
| ) | |
| SAFE STEP TUBS OF MINNESOTA, ) | |
| DEBBIE DOE The Contractor, ) | |
| POWERPAY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

John Walters alleges that the defendants negligently installed a specialty bathtub in his home. Defendant Safe Step Tubs of Minnesota has appeared and filed its answer. Safe Step has identified other companies and individuals that may have performed work on Mr. Walters's home, including Brown Construction Services; Batavia Builders & Remodelers, LLC; and Laura and Richard Bee. *See* dkt. 30, dkt. 31.

Mr. Walters is therefore **granted leave** to file an amended complaint **by March 17, 2023** in response to Safe Step's filings. The **clerk is directed** to include a copy of the Court's form civil complaint with Mr. Walters' copy of this order.

If Mr. Walters decides to amend his complaint, he should keep in mind that a federal complaint must include "a short and plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). In other words, it should clearly specify the defendants against whom claims are raised;

1

explain what those defendants did, and when; and explain what the plaintiff is seeking.  *See id.*  Because an amended complaint completely replaces previous pleadings, it must be a complete statement of Mr. Walters's claims.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  The amended complaint must include the case number and "Amended Complaint" on the first page.

Additionally, Mr. Walters is informed that he must identify defendants with particularity.  In federal court, naming anonymous defendants such as "Debbie Doe" does not create a place holder for relation back under Fed. R. Civ. P. 15.  *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997); *see also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error.").  Mr. Walters also lists POWERPAY as a defendant, but has not made any factual allegations against it.  *See* dkt. 1.  If Mr. Walters does not amend his complaint by March 17, 2023, he **SHALL SHOW CAUSE by March 17, 2023** why Debbie Doe and POWERPAY should not be dismissed for the reasons in this order.

The Magistrate Judge is asked to hold a status conference after the March 17 deadline and to enter a case management plan.

**SO ORDERED.**

Date: 2/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN M. WALTERS
950 E. Dawn Dr.
Terre Haute, IN 47802

POWERPAY
PO Box 62426
King of Prussia, PA 19406-0395

James McGinnis Boyers
Dinsmore & Shohl LLP
james.boyers@dinsmore.com

W. Andrew Kirtley
Amundsen Davis LLC
akirtley@amundsendavislaw.com

Martha R. Lehman
Amundsen Davis, LLC
mlehman@amundsendavislaw.com

Jonathon B. Snider
Dinsmore & Shohl
yogi.snider@dinsmore.com

Daniel D. Trachtman
Dinsmore & Shohl LLP
daniel.trachtman@dinsmore.com