UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN M. WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00174-JPH-MJD |
| | ) |
| SAFE STEP TUBS OF MINNESOTA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff John Walters has filed a document entitled Plaintiff's Responses to Defendants [sic] Answers to the Interrogatories. [Dkt. 67.] The main gist of the document is that Plaintiff is dissatisfied by Defendants' responses to his interrogatories; however, Plaintiff does not ask the Court for any relief with regard to this dissatisfaction. Within the document, Plaintiff also appears to assert two separate motions: (1) a motion to amend his complaint to add a new defendant; and (2) a motion for summary judgment.

Any document filed with the Court that is asking the Court to do something should be entitled "motion," because that is what alerts the Court that a request for action is being made. Local Rule 7-1(a) requires that all motions be filed separately. Any motion to amend a pleading, such as a complaint, must comply with Local Rule 15-1(a)(2), which requires that it be accompanied by "one signed original and one copy of the proposed amended pleading." Local Rule 15-1(b) requires that "[a]mendments to a pleading must reproduce the entire pleading as amended"; that is, Plaintiff cannot simply ask that a defendant be added, but rather must provide

a proposed amended complaint that includes all of his current claims along with the new claims he wishes to add against the new Defendant. In addition, the Court notes that the deadline to amend pleadings, including adding new parties, was July 14, 2023. [Dkt. 42 at 2.] That means that any motion that Plaintiff wishes to file to amend his complaint must explain why there is good cause to allow him to do so long after the deadline has passed—that is, why Plaintiff could not have added the new defendant well before now.

With regard to Plaintiff's request for summary judgment, the Court notes that a bare request for summary judgment is of no effect. Rather, Local Rule 56-1 sets forth, in detail, the requirements of any motion for summary judgment. Further, the deadline for filing a motion for summary judgment was April 12, 2024, so any attempt by Plaintiff to file such a motion now would not only have to comply with the requirements of Local Rule 56-1, but would also have to be preceded by a motion seeking leave to file a summary judgment motion after the deadline and would again have to explain why there is good cause to allow him to do so.

In summary, to the extent that Plaintiff was seeking any relief from the Court in his document entitled Plaintiff's Responses to Defendants [sic] Answers to the Interrogatories, [Dkt. 67], he did not properly seek such relief and therefore is not entitled to any.

SO ORDERED.

Dated: 6 JUN 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

John M. Walters
950 E. Dawn Dr.
Terre Haute, IN 47802